1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NAREN CHAGANTI,

        Plaintiff,

    v

I2 PHONE INTERNATIONAL, INC.,
et al.,

        Defendant.

_____/

No C 04-0987 VRW

**PRETRIAL ORDER (CIVIL)**

    Counsel for the parties in the above-entitled action appeared on April 10, 2007 for a Case Management Conference, pursuant Civil LR 16 and FRCP 16. It was therein determined that:

    **Completion of service**: Any parties not heretofore served must be served no later than: _____.

    **Demand/offer:** Any party seeking relief must submit in writing a demand for relief claimed no later than: _____. Any party served with a demand must respond in writing not later than: _____.

    **Alternative Dispute Resolution:** ADR process to be used: __, to be completed no later than: __.

    **Discovery Cut-Off**: All discovery, including responses to interrogatories and discovery requests, shall be served by __

    **Expert Disclosure:** No expert testimony will be permitted unless the party offering the expert testimony has complied with the following: On or before __ , or if for the purpose of rebuttal, __ 30 days after disclosure by another party, each party must serve upon all other parties a complete statement of all opinions or inferences to which the witness is expected to testify and all facts or data upon which the expert relied in forming these opinions or inferences, FRE 705, together with any writings, recordings or photographs used by the expert opinion witness and a list of all other legal proceedings in which the witness has given testimony or a sworn statement during the preceding five years.

1  Experts will be bound by the opinions and inferences expressed in their statements and will not be permitted to offer new matter at trial. Discovery from experts shall be taken by deposition only and must be concluded by __.

**Meeting after discovery.** Prior to the discovery cut-off, the parties or their counsel shall meet and confer in good faith to clarify and narrow the issues for trial, arrive at stipulations of fact, simplify and shorten the presentation of proof at trial, and explore possible settlement.

**Pretrial conference**. The court will conduct a Pretrial Conference on **July 10, 2007**, at 9:00 a.m. in Courtroom No 6. Trial counsel shall attend this conference. Counsel shall comply with all aspects of Civil LR 16-9 & LR16-10.

**Trial dates:** Trial will begin on **August 6, 2007** at 8:30 a.m. in Courtroom 6. Trial shall be conducted in a manner consistent with the undersigned judge's Guidelines for the Conduct of Trials, appended hereto.

<u>NOT LESS THAN TEN DAYS BEFORE THE PRETRIAL CONFERENCE</u>, the following matters shall be accomplished:

a.  **Trial memoranda**. Counsel shall file a joint pretrial conference statement.

b.  **Jury instructions**. In cases to be tried to a jury, each party shall serve all others proposed jury instructions on all substantive issues and on any other points not covered by the court's standard instructions, which may be found in the Ninth Circuit Manual of Model Jury Instructions. Instructions shall be brief, clear, written in plain English, free of argument, and shall be organized in logical fashion so as to aid juror comprehension. Standard or form instructions, if used, must be revised to address the particular facts and issues of this case.

c.  **Proposed findings of fact**. In non-jury cases, each party shall serve all others proposed findings of fact on all material issues. Findings shall be brief, clear, written in plain English and free of pejorative language, conclusions and argument.

d.  **Exhibits**. Each party shall serve all others with one set of all exhibits, charts, schedules, summaries and diagrams and other similar documentary materials to be used at the trial, together with a complete list of all such exhibits. Voluminous exhibits shall be redacted by elimination of irrelevant portions or use of summaries. FRE 1006. Each item shall be premarked using the form of mark attached; generally, exhibits of a <u>plaintiff</u> with <u>numbers</u>, exhibits of a <u>defendant</u> with <u>letters</u>. If there is more than one party on a side, each party's exhibits shall be designated to indicate the party on whose behalf the exhibit is offered.

No exhibits, including damage exhibits, which have not been disclosed as required by this paragraph will be received at trial. Counsel shall retain copies of their respective exhibits until the conclusion of all proceedings, including appeals and other post-trial proceedings.

e.  **Witnesses**. Each party shall serve all others a statement identifying all persons who the party may call as witnesses and summarizing their testimony. No witnesses not included in the statement will be permitted to testify at trial and the testimony of each witness will be limited to the matter set forth in the statement.

f.  **Designation of discovery excerpts**. Each party expecting to use discovery excerpts as part of its case in chief shall serve and lodge with the court a statement identifying (1) by witness and page and line, all deposition testimony and (2) by

number and filing date, all interrogatory answers and requests for admission to be used as part of its direct case. Each interrogatory answer intended to be offered as an exhibit shall be copied separately and marked as an exhibit.

g. **Objections to evidence**. Each party anticipating making an objection to any testimony or exhibits expected to be offered, or wishing to make a motion in limine, shall file and serve a statement briefly identifying each item objected to and the ground for the objection. Any response to a motion in limine or objection to evidence shall be filed and served *five days before the pretrial conference.*

h. **Jury voir dire and verdict forms**. Each party shall submit proposed questions for jury voir dire and a proposed form of verdict at the pretrial conference.

**Copies**. Each document filed or lodged with the court must be accompanied by a copy for use in the judge's chambers. In addition, one copy of the witness and exhibit list should be provided to the court reporter.

**Transcripts**. If transcripts will be requested during or immediately after the trial, arrangements must be made with the court reporter at least one week before trial commences.

**IT IS SO ORDERED.**

_____
Vaughn R Walker
United States District Chief Judge

3

# GUIDELINES FOR THE CONDUCT OF TRIALS

For Trials before the Honorable Vaughn R Walker

These guidelines are provided to trial counsel to facilitate the fair and efficient conduct of trials in this court and should be accepted in that spirit.

1. **Pretrial Submissions and Witness Scheduling**.

    Each party's pretrial statement must identify all witnesses the party expects to call and the exhibits intended to be offered. At least 24 hours beforehand, the party should advise all other parties of the order of call of the exhibits to be offered by each witness.

2. **Opening Statements/Closing Arguments**.

    An opening statement is simply an objective summary of what counsel expects the evidence to show. No argument or discussion of the law is permissible. Opening statements are limited to fifteen minutes and closing arguments to thirty minutes unless the court expressly grants leave to exceed these limits. The same lawyer who makes the opening statement must make the closing argument.

3. **Questioning Witnesses**.

    a. Conduct the examination from the lectern. Ask permission to approach the witness when necessary and return to the lectern as soon practicable. Treat witnesses with courtesy and respect; do not become familiar.

    b. Ask brief, direct and simply stated questions. Cover one point at a time. Leading questions may be used for background or routine matters. Direct examination is not a deposition and should not be conducted like one. Go directly to the point of the witness's testimony. Do not put a witness on to "tell a story."

    c. Cross-examination similarly should consist of brief, simple and clearly stated questions.

    d. Only one lawyer for each party may examine any one witness. This includes any objections made during course of trial. In a jury trial, only one lawyer will be permitted to make the opening statement and closing argument unless the court has given prior approval to more than one lawyer doing so.

    e. Once a witness has been sworn, no lawyer may discuss that witness's testimony with the witness until the witness has completed testimony and been excused.

4. **Using Depositions**

    a. The deposition of an adverse party may be used for any purpose. It is unnecessary to ask a witness if he "recalls" it or otherwise to lay a foundation. Simply identify the deposition and page and line numbers and read the relevant portion. Opposing counsel may then ask to read such additional testimony as is necessary to complete the context, but this request should be made immediately to maintain context. An unduly belated request may be denied.

    b. The deposition of a witness not a party may be used for impeachment or if the witness has been shown to be unavailable. For impeachment, allow the witness to read the designated portion first, ask simply whether the witness gave that testimony,

4

and then read it.  Opposing counsel may immediately read additional testimony necessary to complete the context.

    c.    A deposition may also be used to refresh a witness's recollection by showing the relevant part of the deposition to the witness.  After showing the witness the prior testimony, ask whether the deposition refreshes recollection.  If the answer is affirmative, ask what the witness now recalls.  Do not ask the witness to read from the deposition.

    d.    NOTE:  It is the responsibility of counsel anticipating use of a deposition at trial to check in advance of trial that it has been made available to the witness for signature and that the original is delivered to the court by the first day of trial.

5.    **Objections**

    a.    To make an objection, rise, say "objection" and briefly state the legal ground (e g "hearsay," "privilege," "irrelevant").

    b.    Do not make a speech or argument, or summarize evidence, or suggest the answer to the witness.

    c.    Where an evidentiary problem is anticipated, bring it to the court's attention in advance to avoid interrupting the orderly process of trial.

6.    **Exhibits**

    a.    All exhibits must be marked before the trial starts, using the form of label following these guidelines.  Copies must be provided to opposing counsel and the court before trial.

    b.    When offering an exhibit, follow this procedure to the extent applicable (unless foundation has been stipulated):

Request permission to approach the witness;

Show the witness the document and say: "I show you [a letter] dated ___, premarked Exhibit ___.  Can you identify that document?"

Identification having been made, make your offer as follows:  "I offer Exhibit ___."

NOTE:  In some circumstances, of course, additional questions may be necessary to lay the foundation.

    c.    It is the responsibility of counsel to see that all exhibits to be included in the record are formally offered and ruled on, and that all of the court's copies of exhibits are in the hands of the clerk.  Take nothing for granted.

7.    **Interrogatories and Requests for Admission**

Counsel wishing to place into the record an interrogatory answer or response to request for admission should prepare a copy of the particular interrogatory or request and accompanying response, mark it as an exhibit and offer it.  Pleadings and papers in the court file are not a part of the trial record unless offered as an exhibit and received into evidence.

8.  **Conduct of Trial**

    a.  The court expects counsel and the witnesses to be present and ready to proceed promptly at the appointed hour -- normally starting at 8:30 am the first day of trial. A witness on the stand when a recess is taken should be back on the stand when the recess ends.

    b.  Bench conferences should be minimized. Raise anticipated problems at the start or end of the trial day or during a recess.

    c.  Have a sufficient number of witnesses available in court to testify so that you will not run out. Running out of witnesses may be taken by the court as resting your case.

    d.  Trials normally are conducted Mondays and Wednesdays through Fridays. Do not assume that the court will recess on any of those days unless prior arrangements have been made with the court.

    e.  Counsel are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order if necessary. Every effort should be made to avoid calling a witness twice (as an adverse witness and later as a party's witness).

9.  **Jury Trial**

    a.  When trial is to a jury, counsel should present the case so that the jury can follow it. Witnesses should be instructed to speak clearly and in plain language. When documents play an important part, a means of displaying the documents to the jury is an important aid to juror comprehension.

    b.  Jury instructions must be submitted at the pretrial conference but may be supplemented during the trial. Only those dealing with the particular issues in the case need be presented. Instructions are to be drafted specifically to take into account the facts and issues of the particular case, and in plain language; do not submit copies from form books. Do not submit argumentative or formula instructions.

    c.  Do not offer a stipulation in the presence of the jury unless agreement has previously been reached. Preferably such stipulations should be in writing.

    d.  In final argument, do not express personal opinions, vouch for your client or ask jurors to place themselves in the position of a party, or encourage speculation as to possible consequences of the litigation beyond the evidence presented.

    e.  Normally, the court will instruct the jury before closing argument. Accordingly, there will be no need to explain the law in the closing argument although, of course, argument should focus on how the facts as proved or not fit the legal requirements.

10. **General Decorum**

    a.  Colloquy between counsel on the record is not permitted -- all remarks are to be addressed to the court.

    b.  Vigorous advocacy does not preclude courtesy to opposing counsel and witnesses and respect for the court. Calling witnesses, parties or other lawyers by first names or the court "Judge" or "Sir" on the record is not appropriate.

      c.    Do not engage in distracting activity at counsel table or move about the courtroom while opposing counsel is arguing or questioning witnesses, or in other ways cause distraction.  Neither counsel nor client while at counsel table should indicate approval, disapproval or other reactions to any testimony or argument.

11.    **Trial Schedule**.  The court attempts to tailor the trial schedule to the case.  Accordingly, some trials may be conducted five days a week while others may be conducted only four days a week.  The length of the trial day may also depend on the case. Trials are usually conducted Monday and Wednesday through Friday, 8:30 am until 1:30 pm.  This schedule may, of course, be modified to accommodate counsel, the court, witnesses or jurors.

*Revised 3/07*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: _____

By: _____